## Commonwealth v. Lindstrom

*Paul Millin,* Assistant district attorney, for Commonwealth.

*Joseph Massa, Jr.,* for defendant.

WOLFE, P. J., June 19, 1972.—This is an appeal of defendant from his conviction in the district magistrate court for violation of The Vehicle Code, sections 1027(a) and 1027(b) in that defendant failed to stop at

the scene of an accident in which he was involved with his motor vehicle and did fail to identify himself.

At about 1:30 a.m. on December 30, 1971, defendant was the operator of a pickup truck with high side-boards constructed on the bed. Defendant, in backing out of a public parking lot backed into a motor vehicle passing on the public road. This vehicle stopped about one-tenth of a mile from the point of impact.

Defendant continued on his way, admittedly without making any identification of himself. Defendant does not deny he struck the passing vehicle upon backing but thought it was a "chuck hole" and did inspect the back of his truck and looked up and down the road and, having observed no one, he concluded there was no accident and left for home.

The owner of the passing vehicle and his wife passenger testified they stopped at a point where it was convenient to pull off the road. The wife alighted from the car and observed defendant's truck drive past their vehicle without stopping. After the incident was reported to the police and upon investigation thereof, defendant, according to the witness for the Commonwealth, admitted striking the vehicle but still maintained this vehicle was nowhere in sight and concluded that the damage, if any, was so insignificant there was no concern thereof by the operator.

Although the evidence is, in the main, circumstantial for the Commonwealth to prove its case beyond a reasonable doubt, we conclude the Commonwealth has met its burden. All of the evidence points to guilt of defendant. He testified his wife and sister-in-law were passengers in his truck and his sister-in-law had advised him there was no oncoming traffic; therefore, he commenced his backing onto the highway when the "loud noise" occurred. We cannot conclude defendant was not concerned that there may have been an acci-

dent because he admittedly inspected the back of his vehicle and admittedly looked up and down the road for another vehicle. If he had in mind no vehicle was struck, we cannot conclude he would have alighted from his truck for inspection purposes. Also, it is inconceivable at this hour of darkness with headlights on the oncoming vehicle and remaining on after the impact that he did not observe the struck car. Further, defendant's conduct subsequent to the police investigation and negotiations for repair of the vehicle concludes guilt beyond a reasonable doubt.

For the foregoing reasons the court makes the following

ORDER

And now, to wit, June 19, 1972, defendant is found guilty of violation of The Vehicle Code, section 1027(a) and section 1027(b) and shall appear before the court for sentence on June 30, 1972, at 9:30 a.m.